IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY BETH McNAMARA, ) | |
| ) | |
| Relator, ) | |
| ) | |
| v. ) | No. 10 C 3544 |
| ) | |
| NATURAL ORGANICS, INC., etc., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

As this Court stated during its July 13, 2010 oral ruling on the motion to stay that had been filed by the four defendants (collectively "Natural Organics") in this action brought under 35 U.S.C. §292(b)("Section 292(b)"), the Federal Circuit's recent opinion in <u>Pecquignot v. Solo Cup Co.</u>, 608 F.3d 1356 (Fed. Cir. 2010) has confirmed this Court's reading, as set out in <u>Zojo Solutions, Inc. v. Stanley Works</u>, No. 10 C 1175, 2010 WL 1912650 (N.D. Ill. May 12), as to the viability of such a qui tam claim involving an expired patent that continues to be marked with the patent number post-expiration. This Court also orally stated its view that <u>Solo Cup</u> had sub silentio confirmed the standing of an individual qui tam plaintiff without requiring a showing of individually sustained harm.

But that said, this Court then voiced its concerns as to the sustainability of this particular Section 292(b) action, in part because plaintiff Mary Beth McNamara ("McNamara") has targeted licensees of the expired patent (not an exclusive licensee, which

for many litigation purposes may be treated as the legal equivalent of the patentee) rather than the patentee itself. And that concern rendered both the First Amended Complaint ("FAC") and this action problematic.

Now McNamara has filed (1) a recast version of the FAC (the only change being the division of former FAC ¶36 into two paragraphs, causing the corresponding renumbering of all of its following paragraphs)[1] and (2) a Response to Defendants' Supplement to Its Motion To Dismiss ("Response"). Because this Court finds the Response insufficient in legal terms, Natural Organics' motion to dismiss must be and is granted.

To begin with, this Court aligns itself with those courts that have applied Fed. R. Civ. P. ("Rule") 9(b) standards to Section 292(b) complaints. That statute invalidates false patent marking "for the purpose of deceiving the public"--a quintessential claim of fraud, with its tightened standard of pleading.

McNamara's counsel has sought to avoid that characterization by pointing to the distinction made by Solo Cup, 608 F.3d at 1363-64 between the burden of proof in this type of action (preponderance of the evidence) and the burden applicable in patent cases involving inequitable conduct (clear and convincing

---

[1] Further references to McNamara's Complaint will continue to use "FAC" to avoid confusion. Any specific references to FAC allegations will follow the new numbering scheme.

2

proof), but that attempted distinction leaves this Court unpersuaded. It will be remembered that an inequitable conduct determination invalidates a patent entirely, while no such Draconian result flows from false patent marking.[2]

So the "information and belief" allegation of intent to deceive now set out in FAC ¶37 does not cut it, particularly when McNamara attempts to rely on a nine-year-old statement on behalf of Natural Organics in an FTC proceeding that referred to its having been represented by a lawyer who was a "well-known expert in the natural foods/dietary supplement industry" and who "provided legal advice to Natural Organics concerning the labeling and advertising of dietary supplements sold by the company"--but the text of McNamara's response omits any mention of the fact that the quoted language, which her counsel has offered to show how sophisticated Natural Organics is (so that it is supposedly charged with knowledge of the expiration date of the patents involved), was speaking of a lawyer who was then

---

[2] Indeed, the August 16, 2010 issue of the National Law Journal contains an extended discussion of the subject, reporting that the Federal Circuit has an en banc hearing scheduled in Therasense, Inc. v. Becton, Dickinson & Co. in November (the now-vacated panel opinion was reported at 593 F.3d 1289 (Fed. Cir. 2010)) on whether to change the standard for proving inequitable conduct. And the questions that the Federal Circuit has posed in Therasense ask whether the current "clear and convincing" standard should be scrapped in favor of a conventional and less demanding fraud standard, thus directly undercutting McNamara's attempted distinction.

3

deceased.³

McNamara has not shown herself to be entitled to the presumption that attaches to false marking by the patentee itself. And as this Court had also indicated in its earlier oral ruling, McNamara's belief as to Natural Organics' asserted intent to deceive--a claimed belief that it was seeking to "gain a competitive advantage in the marketplace"--is materially undercut by McNamara's having brought like Section 292(b) actions against Natural Organics' competitors on the same asserted ground.

In sum, Natural Organics' motion to dismiss is well taken, and it is granted. And because McNamara's counsel has had two chances to meet the challenges interposed by Natural Organics but has failed to do so, no third strike is necessary to declare her out. This action is dismissed as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 1, 2010

---

³ Talk about "intent to deceive." FAC ¶36 says nothing of the fact that the lawyer referred to had died before the 2001 FTC filing--instead it characterized that 2001 filing by stating that Natural Organics "was represented by counsel" who had the quoted characteristics. It was only when this Court turned to Ex. O attached to the FAC that it discovered the disparity between that characterization and the fact that the lawyer involved had already died before the now-nine-year-old FTC filing.

4